UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMAS GRANINO,

Plaintiff,

vs.                                                                         Case No.:

NATIONAL FC, LLC,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, THOMAS GRANINO, is a natural person who resides in the City of Sunrise, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant NATIONAL FC, LLC (hereinafter "Defendant National FC") is a collection agency operating from an address of 1251 Pomona Road, Suite 105, Corona, CA 92882, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant National FC regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant National FC regularly collects or attempts to collect debts for other parties.

9. Defendant National FC was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALLS

13.     In or about July, 2010, Defendant National FC's collectors contacted Plaintiff by telephone several times in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.     During these July, 2010 calls, Defendant left voice mails on Plaintiff's answering machine, identifying themselves as debt collectors.

15.     During one of these July, 2010 calls, a collector for Defendant National FC left a voice mail, stating that he "wanted to discuss a pending legal action."

## SUMMARY

16.     All of the above-described collection communications made to Plaintiff by Defendant National FC, and collection employees employed by Defendant National FC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), as well as the FCCPA § 559.72(5), and § 559.77(5).

17.     During its collection communications, Defendant and these individual debt collectors employed by Defendant National FC repeatedly failed multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), amongst others.

18.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

19.     Defendant's repeated disclosures of Plaintiff's indebtedness to third parties were invasions of his privacy and his to financial privacy.

## TRIAL BY JURY

20.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiff.

23.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

24.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

25. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added).

26. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

27. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

28. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

29. Defendant disclosed Plaintiff's alleged indebtedness to third parties. Defendant knew or had reason to know that third parties did not have a legitimate need for the information.

30. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

31. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

## COUNT 3

### VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. Defendant disclosed Plaintiff's alleged indebtedness to third parties. Defendant knew or had reason to know that third parties did not have a legitimate need for the information.

33. As a result of the improper disclosure to third parties, Plaintiff's reputation has been affected.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs

## COUNT 4

### FALSE MISLEADING REPRESENTATION

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant left a voice mail for Plaintiff that was false and misleading in violation of 15 USC 1692e(2), wherein it implied that there was a legal action pending against Plaintiff, when he stated that the call was regarding "wanted to discuss a pending legal action."

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)   Damages and

b)   Attorneys' fees and costs.

## COUNT 5

### VIOLATION OF THE FCCPA

36.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.   Defendant left a voice mail for Plaintiff that was false and misleading, wherein it implied that they were calling Plaintiff regarding a pending legal matter against Plaintiff, in which they were involved, in violation of Fla. Stat. 559.72(10), and 559.72(12).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  June 24, 2010                             Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com

7

        Florida Bar No.  0487473
        Card & Glenn, P.A.
        2501 Hollywood Boulevard, Suite 100
        Hollywood, Florida 33020
        Telephone:  (954) 921-9994
        Facsimile:   (954) 921-9553
        Attorneys for Plaintiff